# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAXINE MATTEK,
                **Plaintiff,**

    v.                                                 Case No. 09-C-231

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY, as Trustee**
**For Equifirst Loan Securitization**
**Trust 2007-1 Mortgage Pass-through**
**Certificates, Series 2007-1,**

                **Defendant.**

## DECISION AND ORDER

Plaintiff Maxine Mattek ("Mattek") filed this action to rescind her mortgage loan that she entered into with EquiFirst Corporation ("EquiFirst") and to recover damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA" or the "Act") and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

This matter is before the Court on the motion filed by Deutsche Bank National Trust Company, as Trustee For Equifirst Loan Securitization Trust 2007-1 Mortgage Pass-through Certificates, Series 2007-1 ("Deutsche Bank") to dismiss this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Deutsche Bank maintains that the Second Amendment Complaint ("Complaint") is barred by the applicable statute of repose and fails to state a claim.

## Applicable Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, a court may grant a motion to dismiss under 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 554; *see also Killingsworth*, 507 F.3d at 618-19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also*, Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, the Court must accept the alleged facts in the light most favorable to the pleader. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 636 (7th Cir. 2008).

## Statutory Background

The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The Act requires creditors

2

to make "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998).

If the creditor fails to do so, it can be held liable for criminal penalties, *see* 15 U.S.C. § 1611, and a debtor can sue for damages (including a statutory penalty of twice the finance charge), *see* 15 U.S.C. § 1640(a). *Beach*, 523 U.S. at 412. Further, for certain loan transactions – those involving security interests in a debtor's primary residence – the debtor can demand that the creditor rescind the mortgage if certain material disclosures are not made. *See* 15 U.S.C. § 1635(a). If the creditor does not take steps to do so within twenty days after receipt of a notice of rescission, the debtor can bring suit in federal court to enforce her right of rescission. 15 U.S.C. § 1635(b).

**Facts**

EquiFirst originated Mattek's loan on or around January 29, 2007. EquiFirst failed to provide Mattek with two copies of the notice of Mattek's three-day right to cancel the loan ("Notice-of Right to Cancel"), as required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b).[1] At the closing, Mattek received only one copy of the Notice of Right to Cancel.

---

[1] Section 226.23(b)(1) of the Code of Federal Regulations states:

Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E-Sign Act). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(continued...)

On about May 1, 2007, Deutsche Bank took assignment of Mattek's loan, and it held the loan until it was paid off on about December 11, 2008. Mattek refinanced her loan with Landmark Credit Union on about December 11, 2008. Mattek has not sold her home or transferred her interest in the home to anyone else.

Notice of rescission was given to EquiFirst, who is the creditor under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(2). More than 20 days have passed since Mattek mailed her notice of rescission to EquiFirst. Equifirst and Deutsche Bank refused to rescind the loan.

**Analysis**

In contending that the Complaint fails to state a claim against it, Deutsche Bank argues that as the assignee of the loan it cannot be liable because it did not receive notice of the rescission within three years of when the loan originated. It relies on 15 U.S.C. § 1635(f), which provides that: "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . ." Deutsche Bank notes that, in *Ocwen*, 523 U.S. at 419, the Supreme Court characterized § 1635(f) as a statute of repose, holding that borrowers had no right to assert a right to rescind as an affirmative defense in an action to collect brought by a lender more than three years after

---

[1](...continued)
(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

4

the consummation of the transaction. In opposing the motion, Mattek maintains that she properly rescinded the loan within three years and that such rescission is effective against any assignee of the loan.

A number of district courts have addressed the question of whether notice to a creditor serves to rescind the loan as to an assignee. Although the district court decisions are not binding on this Court, they are relied upon by the parties in advocating their respective positions and reflect careful consideration of the issue.

One view, adopted by several district courts, is well-articulated in *Hubbard v. Ameriquest Mortgage Co.*, 624 F.Supp. 2d 913, 920 (N.D. Ill. 2008), which holds that timely notice to the creditor, was effective as to the assignee.[2] In analyzing the issue, *Hubbard* relied upon the statutory language, its implementing regulations, the pertinent case law, and the role that rescission plays in the TILA scheme. *Id*. at 920. *Hubbard* began by noting that the TILA and its implementing regulation, Regulation Z[3], only require notification of the "creditor," and that the term "creditor" means "the person to whom the debt arising from the consumer

---

[2] Deutsche Bank was also the assignee in *Hubbard. See* 624 F.Supp.2d at 920.

[3] Creditor is defined as follows in Regulation Z. Creditor means:

(i) A person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract. . . .

(v) A person regularly extends consumer credit only if it extended credit (other than credit subject to the requirements of § 226.32) more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year. If a person did not meet these numerical standards in the preceding calendar year, the numerical standards shall be applied to the current calendar year. . . .

12 C.F.R. § 226.2(a)(17)(i) & (v) (footnote omitted).

5

transaction is initially payable on the face of the indebtedness . . . ." *Id.* (quoting 15 U.S.C. § 1602(f)). The court further relied upon the use of the word "transaction" as further support for its conclusion that rescission is effective upon all subsequent assignees upon timely notice to the creditor, citing *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765 (7th Cir. 2006), which states that "rescission terminates the entire *transaction*" and thus encompasses a right to return to the status quo that existed before the loan. *Hubbard*, 624 F. Supp. 2d at 921. *See also Rojo v. U.S. Bank N.A.*, No. 09-C-0229, 2010 WL 1292280, at * 5 (E.D. Wis. Mar. 29, 2010); *Wilbourn v. Advantage Fin. Partners, LLC*, No. 09-CV-2068, 2010 WL 1194950, at * 6 (N.D. Ill. Mar. 22, 2010); *Demarest v. Quick Loan Funding, Inc.*, No. CV09-01687 MMM (SSx), 2009 WL 940377, at * 6 (C.D. Cal. Apr. 6, 2009); *Schmit v. Bank United FSB.*, No. 08 C 4575, 2009 WL 320490, at * 3 (N.D. Ill. Feb. 6, 2009); *Adams v. Nationscredit Fin. Servs. Corp.*, 351 F. Supp. 2d 829, 834 (N.D. Ill. 2004).

Another Northen District of Illinois case, reached the contrary conclusion. *Harris v. OSI Financial Services, Inc.*, 595 F. Supp. 2d 885, 898 (N.D. Ill. 2009), relies on 15 U.S.C. § 1641(d), which states that an assignee of a mortgage is subject to all claims and defenses with respect to the mortgage that the consumer could assert against the creditor of the mortgage. *Id*. However, the court held there was no indication from the language in TILA that assignees should not be entitled to same rights of notice as the original creditors. *Id*. *Harris* also rejected the argument that public policy considerations favor binding assignees to rescission demands made by to the original creditors because ascertaining the identities of

assignees can be difficult for borrowers since the given assignee for a loan is not always a matter of public record. *Id*.

This Court adopts the position set forth in *Hubbard*. The conclusion that a proper notice of rescission to the original creditor rescinds the transaction is consistent with the statutory language and the Seventh Circuit's holding that rescission occurs with respect to the transaction. Additionally, a determination that notice to the creditor is notice to the assignee is consistent with TILA's purpose of providing protection to the consumer.

In its reply brief, Deutsche Bank also asserts that it cannot be liable for damages because the TILA violation was not evident from the face of the disclosure. Deutsche Bank states that Mattek "now seeks statutory damages, costs and attorney's fees." (Reply Br. 6-7.)

The question of whether Deutsche Bank may be liable for damages is raised for the first time in its reply brief. *Citizens Against Ruining The Environment v. E.P.A.,* 535 F.3d 670, 676 (7th Cir. 2008), states that, in the appellate context, it is improper for a party to raise new arguments in a reply brief because it does not give an adversary adequate opportunity to respond. The principle applies equally to proceedings before the district court. Therefore, the issue will not be addressed at this juncture. Based on the foregoing, Deutsche Bank's motion to dismiss is denied. Based on the procedural status of this matter, the Court will conduct a telephone scheduling conference on February 15, 2011, at 10:00 a.m. to set dates for the final pretrial conference and the jury trial of this matter.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Deutsche Bank's motion to dismiss (Docket No. 18) is **DENIED**.

The parties **MUST** participate in a telephone scheduling conference on **February 15, 2011, at 10:00 a.m.** to set dates for the final pretrial conference and the jury trial of this matter. The Court will initiate the call.

Dated at Milwaukee, Wisconsin this 28th day of January, 2011.

                                       **BY THE COURT**

                                       *s/ Rudolph T. Randa*
                                       **Hon. Rudolph T. Randa**
                                       **U.S. District Judge**